Opinion issued May 2, 2024



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-22-00737-CV

_____

**CONNIE TRESHAIN BOLES, Appellant**

**V.**

**DONNIE RAY BOLES, Appellee**

---

**On Appeal from the Probate Court**
**Galveston County, Texas**
**Trial Court Case No. PR-0080741**

---

### MEMORANDUM OPINION

This is an appeal from the trial court's September 1, 2022 order admitting the decedent J.W. Boles's will to probate and issuing letters testamentary to Donnie Ray Boles. We dismiss the appeal.

The record was due on October 31, 2022. On November 9, 2022, the district clerk advised that appellant had not made payment arrangements for the filing of the clerk's record. On November 2, 2022, the Court also sent a notice to appellant that payment of the filing fee was past due.

On December 5, 2022, appellant filed a motion to appeal as indigent. The Court ordered a special clerk's record including any statement of inability filed in the trial court, any contest to the statement of inability, and any order by the trial court granting a contest. On January 31, 2023, the trial court clerk filed a supplemental clerk's record containing appellant's motion for a free appellate record, a contest to appellant's pauper affidavit, and an order denying appellant's motion for a free appellate record. However, because this order failed to comply with Rule 145(f)(4), we issued an order, abating the appeal and remanding to the trial court to correct the order so that it advised appellant of her right to challenge the order by filing a motion in the appellate court within 10 days of the signing of the trial court's order. *See* TEX. R. CIV. P. 145(f)(4).

On March 31, 2023, the trial court filed a supplemental clerk's record containing a corrected order signed on March 28, 2024, denying appellant's motion for a free appellate record and containing in bold print the statement that appellant had the right to challenge the trial court's order. No challenge to the corrected order was filed in this Court within 10 days.

2

On October 17, 2023, the Court issued a notice that the appeal might be dismissed unless within 30 days appellant provided proof of payment for the clerk's record. No proof of payment was filed. On November 5, 2023, appellant filed a motion for rehearing of the order issued by this Court on October 17, 2023. In this motion for rehearing, appellant challenged the trial court's order concerning her statement of inability on the ground that the contest failed to comply with Rule 145(e)(1). This motion for rehearing is an untimely challenge to the trial court's order. *See* TEX. R. CIV. P. 145(g). Because appellant failed to file her challenge to the trial court's order within 10 days after the corrected order was signed, as required by Rule 145(g), we deny the motion.

On November 17, 2023, another notice issued advising appellant that the filing fee payment was past due. Appellant has neither paid the filing fee nor provided proof of payment for the clerk's record. *See* TEX. R. APP. P. 5, 20.1 (indigence), 37.3(b) (allowing dismissal of appeal if no clerk's record filed due to appellant's fault); *see also* TEX. GOV'T CODE ANN. §§ 51.207, 51.208, 51.941(a), 101.041; Order Regarding Fees Charged in the Supreme Court, in Civil Cases in the Courts of Appeals, and Before the Judicial Panel on Multi-District Litigation, Misc. Docket No. 15-9158 (Tex. Aug. 28, 2015).

Accordingly, the appeal is dismissed. *See* Tex. R. App. P. 42.3, 43.2((f).

Any pending motions, other than that disposed in this opinion, are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Countiss, and Rivas-Molloy.